MR. CHIEF JUSTICE HASWELL,
concurring and dissenting:
I would reinstate petitioner for the reasons stated by the majority, but I would impose conditions for the protection of the public.
First, I would require petitioner to pass a bar examination. Petitioner has not practiced law for more than eight years. Section 6.2 of the American Bar Association Standards for Lawyer Disciplinary and Disability Proceedings provides in pertinent part:
“The lawyer. . .should not be readmitted unless he can show by clear convincing evidence; rehabilitation, fitness to practice, competence, and compliance with all applicable discipline or disability orders and rules.” (Emphasis mine.)
What better way exists to prove present competence to practice law by clear and convincing evidence than to successfully pass a bar examination?
The fact that petitioner was presumptively competent to practice law at the time of his disbarment in 1974 does not constitute clear and convincing evidence that he is still competent after an eight-year layoff in my view. Nor are the requirements of continuing legal education which are imposed upon all attorneys designed to provide a substitute for a comprehensive bar examination.
Petitioner testified at the hearing on his petition for reinstatement that he has continued the study of law by read *525 ing the decisions of this Court, the Session Laws of the Montana Legislature, and has read extensively in legal periodicals, law reviews and issues of legal texts as they were published. What better way exists to evaluate the effectiveness of petitioner’s self-study program than for him to take a bar examination?
Secondly, I would require petitioner to successfully pass the Montana Professional Responsibility Examination. This examination tests the examinee’s knowledge of ethical standards demanded of attorneys, their obligations and responsibilities. Petitioner has never taken this test as it has only recently been instituted. As the causes of petitioner’s disbarment directly relate to his breach of these standards, obligations and responsibilities, petitioner should be required to successfully pass this examination.
Finally, I would require that petitioner’s reinstatement be made expressly conditional on the continued performance of his contract obligation to make restitution to various clients of his and to the Workmen’s Compensation Division as requested by the Attorney General. This written restitution agreement dated September 30, 1974, between petitioner and the Workmen’s Compensation Division was approved by the then Attorney General, Robert L. Woodahl, and District Judge Peter G. Meloy. As of January 6,1982, a balance of $26,015.62 remained owing by petitioner. Payment in full plus accrued interest is due by September 10, 1984.
I am not comfortable with readmitting petitioner to the practice of law free of these conditions. Surely, we owe the public in whose midst petitioner will practice these minimum safeguards.